IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-97-0036-02 |
| | § | |
| CHRISTOPHER CHARLES COOKS | § | (Civil Action No. H-06-2406) |

## ORDER OF DISMISSAL

The defendant, Christopher Charles Cooks, has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, seeking relief from the revocation of his supervised release. (Crim. Doc. #1560). The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's recollection of the relevant proceedings, and the application of governing legal authorities, the Court **denies** the motion and **dismisses** the corresponding civil action (H-06-2406) for the reasons set forth below.

**I.   BACKGROUND**

On September 17, 1997, Cooks pleaded guilty to one count of conspiracy to possess with intent to distribute fifty grams or more of crack cocaine. In a judgment entered on June 2, 1998, this Court sentenced Cooks to serve ten years (120 months) in prison, followed by ten years of supervised release. (Crim. Doc. #1136). Subsequently, the Court granted the government's motion to reduce the sentence. On October 23, 2000, the Court entered an amended judgment, reducing the term of imprisonment to 62 months. (Crim. Doc. #1339). The term of supervised release remained ten years.

On or about November 1, 2001, Cooks was released from prison onto supervised

release. In August 2004, the Probation Office filed a report advising that Cooks had failed to comply with the conditions of his supervised release. (Crim. Doc. #1512). It was alleged in the report that Cooks had been arrested on August 7, 2004, by the Brazos Valley Narcotics Task Force, in Bryan, Brazos County, Texas, and charged with possession of a controlled substance, namely, crack cocaine, in an amount greater than four grams but less than two hundred grams, in violation of Texas law. At that time, the Probation Office recommended taking no action regarding Cooks' supervised release, pending the outcome of these state court charges.

On February 1, 2006, the Probation Office filed a petition for a warrant or summons for Cooks. (Crim. Doc. #1548). The petition noted that, on January 23, 2006, Cooks pleaded guilty to the drug possession charges that had been lodged against him. As a result, the 272nd District Court of Brazos County, Texas, sentenced Cooks to ten years of community supervision (*i.e.*, probation), subject to conditions that included spending 180 days in the Brazos County Jail's work release program beginning February 1, 2006, performing 350 hours of community service, completing drug/treatment education, and abstaining from alcohol. After Cooks was sentenced by the state court, the Probation Office recommended that Cooks' supervised release be revoked.

On February 28, 2006, this Court conducted a hearing to determine whether to revoke Cooks' supervised release. At that hearing, Cooks conceded that he had been convicted of drug charges in state court and that his conduct constituted a violation of the terms of his supervised release. As a result, this Court entered a judgment revoking Cooks' supervised

release and sentencing him to return to the custody of the Bureau of Prisons for eight (8) additional months of imprisonment. (Crim. Doc. #1557). Cooks was ordered to surrender to the U.S. Marshal no earlier than April 15, 2006.

Cooks did not appeal the judgment revoking his supervised release. He remains in custody of the Bureau of Prisons at the Federal Detention Center in Houston. On July 18, 2006, Cooks filed a motion to vacate the judgment under 28 U.S.C. § 2255. (Crim. Doc. # 1560). In that motion, however, Cooks does not directly challenge the validity of his federal supervised release revocation proceeding. Instead, Cooks complains that his guilty plea to the underlying state court charges was involuntarily made based on a misrepresentation by his "federal probation officer." According to Cooks, a probation officer reportedly told him and his criminal defense counsel that a state court conviction would not affect his "federal probation" and that she would not recommend revoking his supervised release if he pled guilty to the state court charges. In a letter to the Court, Cooks clarifies that, but for the probation officer's comment, he never would have pled guilty to the state court charges. (Crim. Doc. # 1561). In this letter, Cooks concedes that the eight-month sentence imposed at the revocation hearing was "very generous." Cooks asks, nevertheless, for relief from the judgment of revocation because of the probation officer's alleged misrepresentation. For reasons discussed below, however, the Court concludes that Cooks is not entitled to relief under 28 U.S.C. § 2255.

**II.    DISCUSSION**

Collateral review under 28 U.S.C. § 2255 may not serve as a substitute for direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). Thus, where the defendant has exhausted or waived his direct appeal remedies, the availability of relief under § 2255 is extremely limited. *See United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1076 (1992). In that regard, such relief is reserved for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (internal quotations and citations omitted).

To the extent that Cooks attempts to challenge the validity of his revocation proceeding, he presents the above-referenced claims for the first time on collateral review. Because Cooks did not file a direct appeal, however, his claims are precluded from review by the doctrine of procedural default.

If a movant could have raised his claims on direct appeal, he may not present them for the first time on collateral review unless he shows cause for his procedural default and actual prejudice resulting from the error or that the constitutional violation has probably resulted in the conviction of one who is actually innocent. *See Shaid*, 937 F.2d at 232. To satisfy the "cause" standard, a petitioner must "show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir.1996) (citations omitted).

Challenges to the validity of revocation proceedings can be raised on direct appeal. Cooks could have, but did not, challenge the revocation of his supervised release on direct

appeal. His allegations do not establish cause for this procedural default. Nor has he demonstrated actual innocence. Because Cooks has not alleged facts showing that he can overcome the procedural bar, he is not entitled to relief under 28 U.S.C. § 2255. *See Shaid*, 937 F.2d at 232.

Alternatively, even if his claims were not procedurally barred, Cooks fails to show that he is entitled to relief from the judgment of revocation under 28 U.S.C. § 2255. Cooks fails to allege any facts showing that his supervised release was improperly revoked. Instead, Cooks takes issue with the validity of his guilty plea to the drug possession charges that were lodged against him in state court. It is this guilty plea, and not any admission made during the revocation proceeding, that Cooks contends was somehow induced by a false promise by his federal probation officer. The pleadings submitted by Cooks are not specific as to the date or the exact content of the alleged misrepresentation, if any, made by his federal probation officer and he provides nothing in support of his claim, such as an affidavit from his defense counsel. To the extent that any alleged misrepresentation concerns the guilty plea made in Brazos County, however, this Court has no authority to remedy an alleged impropriety affecting that state proceeding.[1] For this additional reason, Cooks fails to show that he is entitled to relief from the judgment of revocation under 28 U.S.C. § 2255.

---

[1] Cooks allegations about his guilty plea in the 272nd District Court of Brazos County appear actionable, if at all, in state court only. Cooks does not indicate whether he has challenged the state court judgment entered against him in Brazos County by filing an appeal or an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.

**III.     CONCLUSION AND ORDER**

Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court **ORDERS** as follows:

1. The defendant's motion (Crim. Doc. #1560) is **DENIED** and this proceeding (H-06-2406) is summarily **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties and will file a copy of this order in the corresponding civil case (Civil Action No. H-06-2406).

SIGNED at Houston, Texas, on **August 14, 2006.**

_____
Nancy F. Atlas
United States District Judge